Good morning, Assistant United States Attorney Jennifer Hernandez on behalf of the United States. May we please the court? Please proceed. Yes, we would like to reserve three minutes for rebuttal. You may have it. Now, like the weights of justice and sentencing, you have to weigh and balance all the sentencing factors that need to be considered in order to impose an adequate sentence. The sentence imposed on August 13, 2013 upon Fernando Crespo, charged with both possession of images of child pornography and transferring obscene material to whom he believed to be a 12-year-old girl, we understand was substantively unreasonable and did not take into account all of the sentencing factors that are encompassed in Title 18, United States Code 3553. Counsel, how many days of actual imprisonment did the defendant serve and was it in the lockup or in a prison facility? The sentence of time served amounted then to less than two weeks. Counsel, how many days? Less than two weeks does not tell us how many days. Yes, Your Honor. The sentencing, the time that he remained in prison was from the time he was arrested. How many days, Counsel? Well, I understand that it was approximately ten days. Now, the sentence that we are indicating, which is a sentence of basically time served, which amounted only to the time that he was detained from the arrest to the time he was able to pay his bail amount, we understand it was substantively unreasonable and focused exclusively on the characteristics of the defendant and not on the time that he was in prison. And did not take into account the other factors, such as the nature and the seriousness of the offense, the need to promote respect for the law, the general deterrence factor, the need to avoid disparity among other defendants, and to also provide just punishment. Now, all these factors are something that should be taken into account when imposing a sentence. Our indignation with this particular sentence... Counsel, yes? Counsel, the judge said that he specifically did take those factors into consideration. He just weighed them differently than you would have us weigh them, but he made the record quite clear that he was taking a look at every single factor that you just enumerated was not considered. Yes, upon looking at what transpired during the sentencing proceedings, the focus of everything that was being discussed was the mental health of the defendant and whether he would commit this offense again or not. Just by indicating briefly that he was considering the factors... Hang on. That doesn't mean, and our case law is pretty clear, that we don't require the judges to extensively elaborate on every single 3553 requirement. I'm trying to figure out, he specifically articulated that he was considering them. And the mere fact that he didn't expound on every single one of them in elaborate detail certainly doesn't mean that he didn't consider it. Your Honors, we were in the sentencing hearing and at that time, although he verbally indicated at the end upon imposing his sentence that he was considering all factors, what transpired during the sentencing hearings and the hearings that had been held before was that the judge was focusing on the nature and characteristics of the defendant and not on the, for example, seriousness of the offense. One of the most important things here was the evidence that was made available to the judge, such as the images of child pornography and the video that had been found in relation to this case. And that is something that was not given due consideration in this case. When we look at the background of this case, the indictment in this case was focused, was presented since August of 2007 and the only reason that the sentencing hearing happened in 2013 is because we had to file an interlocutory appeal in this case in relation to the images of child pornography. At the beginning of the case in 2007, subsequently, the beginning of 2008, the defense filed a motion to suppress the images of child pornography. The magistrate denied that request. We went before the judge and the judge then denied the report and recommendation and indicated that the child pornography images should be suppressed. At that time, we referred to the circuit of appeals because we understood that that was one of the essential evidence in the case, the images of child pornography that had been found. The case also changed greatly the sentencing that he would be exposed to because of the seriousness of that particular offense. The case then returned to the district court and the defense opted to do a straight plea and at that time, we are considering that when he imposed sentence, he did not consider the images of child pornography in this case and the fact that this defendant not only stood charged with sending obscene matter to whom he believed to be a 12-year-old female, but the fact that there were more than 300 images of child pornography that had been found in his computer. Can I interrupt you now because otherwise I will never get a word in. Yes. Isn't the other side claiming that there have been over 70 cases of child pornography in which the defendant has received a sentence of probation or one day imprisonment? Well, we understand that what the defense did was pinpoint at particular cases that would have to be looked at case by case. Excuse me. Are there 70 cases in which such a sentence has been imposed? Since 2003 until 2014, out of the hundreds of cases, perhaps there are, yes. There may be 70 cases from different districts which present different scenarios. For example, one of the cases that she is mentioning is an 18-year-old that was caught with images of child pornography, so we understand that we would have to look at the particularities of each of those cases. Also, there would be hundreds of cases in which a sentence of imprisonment were imposed. Did you actually go back and look at those 70 cases, and did any of those 70 cases involve not merely possession of child pornography images, but also an attempt to, not an attempt, the conveying of pornographic images to a minor? We have not looked at each detail of every case. Nonetheless, in this case, yes. At counsel, in the future, we would expect you to do that. Yes, Your Honor. We are saving the additional time for rebuttal. Good morning, Ms. Brill. Good morning, Rachel Brill, on behalf of Fernando Crespo. I'm here today to ask that his sentence be affirmed. I'm here today to argue to the court that the variance was warranted and that the sentence was, in fact, saved. Counsel, before you go on, could you answer my question about whether, in the cases you have cited, there was also a count of actual distribution of pornographic images to a minor in an effort to get the minor to engage in sex with the defendant? There were a couple that involved production, but none that I can recall that involved that offense. Let me only slightly recharacterize what you said, or not dispute anything you said about what it is that he did, but essentially, with a webcam, in 2008, he exposed himself. So it wasn't that he sent images. Yes, but it was also part of an enticement scheme, you and I are going to have sex together someday, we're going to do this, that, and the other. And that's a fair characterization, isn't it? Well, eventually, those things were said. If your Honor could see, and I don't recommend it, but if your Honor would see some of those, what it was was a video of the actual chats that took place. In other words, in the FBI, somebody was taking a video of the computer at that time, that's how the technology was done, and you would see a very painfully shy person, you know, very, you know, and taking the lead, don't get me wrong, but at the same time, painfully shy person, and one that stands out of all of those is when he picked up a baseball cap that was covering his face and showed his face because he thought he was so hideous that he shouldn't even show his face on the Internet. So I only want to, I really don't mean to argue with the Court at all about the characterization, he pled guilty, and that's what he did. And let's get to some of our case law. The Supreme Court has said that when there is substantial variation from a guideline sentence, that the burden of explanation on the district court is greater for the variance than otherwise. And there are maybe at least half a dozen circuit court cases which say that when the term of imprisonment is time served or a trivial amount of time, that as a matter of law, that is insufficient because it does not explain the variance and cannot be explained by the court, given the Congressional intent and the guidelines range. So would you reply to that? Yes, Your Honors. Certainly I am in agreement with the first part of what you said, which is that, well, all of what you said, but with the part where the greater the length of the variance, the greater the need for justification. In this case, there was more than enough justification. There were two sentencing hearings where the judge laid out his thinking and explained to the government and to the parties and everybody in the room what was of concern to him and what mattered to him and which of the, although he was considering all of the 3553A factors, which ones were most important. There were two psychosexual reports, one that the family paid for that I was part of commissioning, and one four years later that the court commissioned with an independent psychologist who we did not have any, the lawyers did not have any access to. And those are relevant to the articulated primary concern of the district court, which is that, well, it's not just a matter of the length of the variance. It's a matter of the length of the justification, which was that the district court wanted to be sure this defendant would not harm someone in the future. So those were relevant. Well, it was also relevant to the, it was very relevant to that factor, and the judge certainly indicated that factor was paramount. It was also relevant to the judge's, to another factor, which is the need for treatment, the critical need for treatment and his response to treatment. And those two reports were very useful to the court and very helpful to the defendant on that regard. I want to, your Honor said something, which is a trivial amount of time. While the 10-day amount is correct, he was arrested on May 30th, he was released on June 10th. He then spent three months in what's called home incarceration. He did not leave his house, except to go to a lawyer, which he's two and a half hours away from me, so there weren't too many visits to a lawyer, to a psychologist and psychiatrist, and to court. There were no court appearances during that time. So he was in home incarceration for three months and then home confinement for two years after that, which was slightly different, but for two solid years, could only leave with permission, and then for the three years after that with a curfew. So while it's not imprisonment, it was not, his liberty was in fact constrained for more than two years during that time. It was, on the 15-year term of supervised release, did that involve, that must have involved conditions of release, like meeting regularly with a probation officer? Regularly with a probation officer, but, and also psychological and psychiatric treatment, and also the elimination or the release of the person. Inability in any way to use the Internet, so those are all, and he has to register, he had to register, he has registered as a sex offender, which has been a very difficult blow to him personally. I'm speaking for my client now, but it's also a recognized form of punishment as well. Well, it's a little odd to characterize that as punishment when it's a congressional requirement. Totally apart from concerns about the punitive nature of the response, it's meant to protect the public. Well, I'm sure that's what it's meant to do, but just like somebody that has to walk around with a sign on them, I mean, that's seen as a form of punishment, and I think secondarily to the congressional intent, we need to see that as something additional that was placed on him, as a condition, and as a mandate. Am I correct that it was five years between the time of the charge and the time that the sentencing took place? May 2008 to August 2013, so a little more than five years. It seems to me like an inordinate amount of time, in any case. What happened here? Well, he was, from the, until the end of that year in 2008, we were dealing with issues of bond, and I was looking into a suppression motion. I filed a suppression motion in 2009. Then a little serendipity in 2012, both I and the judge were involved in a six-month, the same judge and the same lawyer, a six-month capital trial, and so that explains the last year. Then the suppression motion explains the other year, and it happens. I'm sorry, during that time, was probation involved in this? He pled guilty in 2011, well, from the very beginning, pretrial services is the one that coordinated his psychological and psychiatric treatment, so pretrial services, which is an arm of probation. He pled guilty in 2011, and the pre-sentence report was written in mid-2011. And what was the recommendation of the probation department? I'm sorry, I haven't read it. I don't know, Your Honor. I mean, the guidelines were 70 to 87 months, nobody objected to that guideline. The PSR recommended a guideline sentence. It didn't identify any reason to depart or vary from it, but I don't know what the actual recommendation was. And you didn't file an objection? I filed an extensive sentencing memorandum asking for the sentence of time served. The government, as well, did not file an objection, and I want to mention that the government did not bring the court's attention at any time in two sentencing memoranda to the nature of the images or the behavior of the defendant. Both of their memoranda were simply citations to circuit cases and other district cases where variances weren't given. I had another question. This district judge in the sentencing sort of said, I've done this in a number of other cases. How many other cases? Well, at the time of the appeal, I identified two other cases from this district judge. Since then, I know of a handful, I know, and I haven't done an extensive research, a handful from him and other judges. But it's not uncommon, or let me put it, let me be really more accurate. It's not unheard of at all in the District of Puerto Rico, and as the string site that I included in my very long-standing case, it's not unheard of. It's not unheard of around the nation as well. Are you able to tell us with respect to the district how many other similar sentences may have been needed out? Can I ask what does similar mean, probation or supervised release and time served? Or minimal jail time. Yeah, I personally, I did not do a comprehensive search in the district. I personally know of more than five, less than 10, but that's just what I happen to know about. I did look into, it's not, it's really hard with the tools that we have to be able to ascertain what happens in every one of these cases. It's, with my ability to do a computer search, it's not easy. The cases that are collected around the country are collected by the federaldefender.org website managers. Okay, thank you. Thank you. You may approach. Does the U.S. Attorney know how many like cases there have been in this district and whether they're confined to one judge? Yes or no? No, Your Honor, not the specific detail, but we can say in response to what she indicated that there are many more cases in which a sentencing imprisonment has been imposed, and it is particularly this judge that was only mentioned in the motion that she filed, and he referred to himself. In the first motion that we filed for the sentencing memorandum, we mentioned a string of cases from our court that from the time of sentencing had occurred recently from then, and there were sentencing, a sentence of imprisonment had been imposed. We would like to clarify that we looked at the docket and the question as to how much time he had been in prison. He was arrested on May 30th of 2008, and he finally complied with the agreement to forfeit on June 13, 2008. So it would be approximately 13 to 14 days that he was actually then in prison, and since the time of the sentencing. We wanted to clarify that because we verified the docket. We also would like to emphasize in response to this that in this particular case, it's not only the images of child pornography, but the fact that he was involved in a scheme to entice whom he believed to be a 12-year-old, and it was specifically explained in the pre-sentence report when we look at the appendix in pages 5 to 11, it gives a complete description of the action that this particular defendant was involved with, which included going into very sexually explicit conversations with whom he believed to be a 12-year-old, asking her to send photographs of herself, also asking him to engage in sexual activity with him, offering to pick her up to take her. Believe me, we've read this, we know this. You have a very difficult legal issue in front of you, and we've heard very little about it. And that is that the sentencing law of this circuit does tend to give a great deal of discretion to the district judges, and as Judge Thompson has explained to you, the law has tended in the direction of not requiring a great deal of explanation. So what is it about this case that would suggest to us that the explanations here were simply inadequate? And then what relief do you request? Or do you request relief of a remand with instructions that this sentence was in error? Yes, Your Honor. We would request that this case be remanded and specifically indicate that this sentence was in error. Why? Yes, because the judge exclusively, exclusively focused on the characteristics of this defendant. When we look at the background of the case, since the time that he did the straight plea to the time of sentencing, it was one year and a half. The only reason for that delay is because he wanted a mental evaluation of the defendant, and he wanted to consider the specific characteristics of the defendant. During that time, he did not request to view the child pornography images. He did not request to see the video. He did not focus also on what were the sentences that had been imposed in other cases that we had brought forth to the court. No, thank you.